BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| **UNITED STATES OF AMERICA** | 3:16-CR-00051-BR |
| v. | GOVERNMENT'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS |
| **AMMON BUNDY, et al.,** | COUNT 1 AS UNCONSTITUTIONALLY VAGUE ON ITS FACE AND |
| Defendants. | AS-APPLIED (#471) |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, hereby responds to defendants' Motion to Dismiss Count 1 As Unconstitutionally Vague on Its Face and As-Applied and its supporting Memorandum (ECF No. 471), filed by defendant O'Shaughnessy on behalf of all defendants.

Defendants challenge 18 U.S.C. § 372 (Section 372) as unconstitutionally vague, both on its face and as applied to defendants. Preliminarily, defendants' facial challenge should be denied because they have failed to demonstrate that Section 372 implicates their First

Amendment rights. Assuming that defendants can show that Section 372 implicates their First Amendment rights, their facial challenge should be denied because they do not demonstrate that it fails to adequately provide notice of what conduct is proscribed, and they do not show that Section 372 encourages arbitrary enforcement of its provisions. Defendants' as-applied challenges should also be rejected for failure to make these showings as to the charged defendants.

## I.     Statutory Vagueness

"[T]he void-for-vagueness doctrine requires that a penal statute define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement." *Gonzales v. Carhart*, 550 U.S. 124, 148-49 (2007) (quoting *Kolender v. Lawson*, 461 U.S. 352, 357 (1983)); *United States v. Zhi Yong Guo*, 634 F.3d 1119, 1121 (9th Cir. 2011). A defendant is deemed to have fair notice of an offense if a reasonable person of ordinary intelligence would understand that his or her conduct is prohibited by the law in question. *United States v. Hogue*, 752 F.2d 1503, 1504 (9th Cir. 1985); *see also United States v. Lanier*, 520 U.S. 259, 267 (1997). A vagueness challenge made outside the First Amendment context "must be examined as applied to the defendant." *United States v. Jae Gab Kim*, 449 F.3d 933, 942 (9th Cir. 2006); *United States v. Harris*, 705 F.3d 929, 932 (9th Cir. 2013) (explaining that a statute is unconstitutionally vague as applied "if it fail[s] to put a defendant on notice that his conduct was criminal").

/ / /

/ / /

## II. Section 372 Is Not Facially Void for Vagueness

### A. Section 372

Section 372 provides in its entirety that:

> If two or more persons in any State, Territory, Possession, or District conspire to prevent, by force, intimidation, or threat, any person from accepting or holding any office, trust, or place of confidence under the United States, or from discharging any duties thereof, or to induce by like means any officer of the United States to leave the place, where his duties as an officer are required to be performed, or to injure him in his person or property on account of his lawful discharge of the duties of his office, or while engaged in the lawful discharge thereof, or to injure his property so as to molest, interrupt, hinder, or impede him in the discharge of his official duties, each of such persons shall be fined under this title or imprisoned not more than six years, or both.

18 U.S.C. § 372.

As a threshold matter, the Court should deny defendants' facial challenge to Section 372 because it is plainly beyond "the First Amendment context." Vagueness challenges to statutes that do not involve First Amendment violations must be examined as applied to the defendant. *See Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 495 n.7 (1982); *see also United States v. Purdy*, 264 F.3d 809, 811 (9th Cir. 2001) ("[O]ur concern is whether the [statute] is impermissibly vague *in the circumstances of this case*." (quoting *United States v. Ocegueda*, 564 F.2d 1363, 1365 (9th Cir. 1977))). Defendants have offered no controlling authority that Section 372 is a statute implicating the First Amendment. Defendants argue that they are charged with violating Section 372 because of their protected First Amendment activities were directed at the government. But this is simply defendants' characterization of the facts—it is not a legally sound description of the statute. (Defs.' Mem. 4-5, 11, ECF No. 471-1). And while defendants rely on cases that do involve the First Amendment (*e.g.*, *Chaffee*

*v. Roger*, 311 F. Supp. 2d 962 (D. Nev. 2004); *Garrison v. Louisiana*, 379 U.S. 64 (1964)), each of these cases address statutory schemes that target speech and are clearly distinguishable from Section 372.[1]

### B.    Terms of Section 372—Notice to Defendants

Defendants claim that Section 372 is void on its face because it fails to adequately define its statutory terms and thus fails to provide adequate notice to defendants of the proscribed criminal conduct.    Defendants claim that the absence of clear definitions of force, threat, and intimidation render the statute facially vague.    (Defs.' Mem. 10-11).    The law does not require defendants receive a precise recitation of the prohibited conduct prior to committing a crime. "Words inevitably contain germs of uncertainty."    *Broadrick v. Oklahoma*, 413 U.S. 601, 608 (1973).    "Imprecision in penal legislation should be tolerated if the language can be said nevertheless to give fair notice to those who might violate it."    *United States v. Gilbert*, 813 F.2d 1523, 1530 (9th Cir. 1987); *see Grayned v. City of Rockford*, 408 U.S. 104, 112 (1972).

The terms of Section 372 easily provide adequate notice to a person of ordinary intelligence.    "Force," "intimidation," or "threat" are neither complicated terms nor ones that evade common understanding, particularly in Section 372.    They are unremarkably common. *See United States v. Osinger*, 753 F.3d 939, 945 (9th Cir. 2014) (rejecting a vagueness challenge to 18 U.S.C. § 2261A(2)(A) despite the lack of statutory definitions for "harass" and "substantial

---

[1]    Defendants separately raise Section 372's apparent limitations on their Second Amendment rights.    (Defs.' Mem. 6-7).    Defendants cite no controlling authority to support the proposition that the Court should grant their Motion because of defendants' otherwise lawful exercise of their Second Amendment rights during the commission of the underlying offenses nor do they cite any authority that Section 372 violates defendants' Second Amendment rights.    These arguments should be disregarded insofar as they inform the Court's analysis of defendants' facial challenge.

**Government's Response to Defendants' Motion to Dismiss Count 1 As**                **Page 4**
**Unconstitutionally Vague on Its Face and As-Applied (#471)**

emotional distress" because these terms are not esoteric or difficult to comprehend); *United States v. Mack*, 200 F.3d 653 (9th Cir. 2000) (holding that U.S. Forest Service regulation that prohibited "maintaining" structures that impede road was not vague).  *Webster* dictionary defines "force" as "physical strength, power, or effect."  *Miriam-Webster Dictionary*, http://www.merriam-webster.com (last visited May 11, 2016).  "Threat" and "intimidation" are equally clear.  *Webster* defines "threat" as "a statement saying you will be harmed if you do not do what someone wants you to do" and "intimidation" as "to make (someone) afraid."  *Id.*

Defendants lastly claim that the statute's failure to define the terms "officer" or "duties" render Section 372 void.  (Defs.' Mem. 14).  Both of these terms provide fair notice to defendants of their meaning within the statute.  Indeed, both "officer" and "duties" are downright prosaic compared to some of the terms the Ninth Circuit has held as providing sufficient notice.  (*See Osinger*, 753 F.3d at 945, upholding statute's use of term "substantial emotional distress").  Defendants separately rely on the sheer number of federal employees to argue that Section 372 is too broad in its reach to adequately notify a putative defendant of its scope.  (Defs.' Mem. 15).  This argument is misplaced.  The scope of the statute raises a separate question than sufficiency of its notice.

While the Ninth Circuit has not reached the question of whether Section 372 is facially void, it has previously rejected a similar vagueness challenge to a statute that prohibited injuring, intimidating, or interfering, "by force of threat of force," anyone who is lawfully aiding or encouraging others in "occupying . . . any dwelling."  *United States v. Gilbert*, 813 F.2d 1523, 1530 (9th Cir. 1987) (examining 42 U.S.C. § 3631, and holding that legislation criminalizing the

"use of force or the threat of force" should not be found to be void for vagueness). "Even if this language could be said to lack specificity, that alone should not render it void." *Id*. (citing *Cox v. Louisiana*, 379 U.S. 559, 568 (1965)).

### C. Terms of Statute—Arbitrary Application

Defendants next argue that Section 372 is facially void because it permits arbitrary enforcement. (Defs.' Mem. 12). Here too, defendants mischaracterize Section 372's reach. They claim that the statute is too "obtuse" in its language as to how the statute can be violated. A plain reading of the statute and an examination of reported cases interpreting Section 372 belie this claim. There is nothing in Section 372 that suggests it permits arbitrary enforcement. It is remarkably straightforward. The statute prohibits individuals from conspiring to keep government employees from doing their jobs. Consistent with this reading of Section 372, reported cases addressing Section 372 have consistently upheld the sufficiency of the evidence. *See, e.g.*, *United States v. Myers*, 524 F. App'x 479 (11th Cir. 2013) (refusing to permit defendant to testify about his theory why he, as a sovereign citizen, was not obligated to pay federal income taxes was not abuse of discretion); *United States v. Brown*, 669 F.3d 10 (1st Cir. 2012) (defendant's belief that the warrant on which he was being arrested was invalid is not a defense to resisting arrest); *United States v. Hopper*, 436 F. App'x 414 (6th Cir. 2011) (conspiracy to rob mail carrier delivering mail did not require proof of specific intent to prevent mail delivery); *United States v. Beale*, 620 F.3d 856 (8th Cir. 2010) (First Amendment did not protect defendants' serious expression of intent to harm judge presiding over a defendant's criminal trial).

**III.   Section 372 Is Not Void As Applied to Defendants**

Defendant O'Shaughnessy (on behalf of all defendants) separately contends that Section 372 is void as applied to his case. Again, defendant wishes to characterize the charges against him as part of a larger effort to limit his constitutionally protected speech. The facts also belie this claim. The criminal conduct alleged in defendants' cases involve agreeing to prevent federal employees from accessing the Malheur National Wildlife Refuge through the use of force, threats, or intimidation. Defendant claims that because he and his co-defendants had previously engaged in armed protests against the federal government and not been charged, they therefore did not receive adequate notice in this case. (Defs.' Mem. 17). Relatedly, defendants claim that they are subject to "arbitrary enforcement" because they were merely protesting. (Defs.' Mem. 18). The fact that defendants have not been charged on prior occasions or that they self-identify as peaceful protestors are immaterial to this Court's analysis.

In addition to the analysis in Section II above, there is no evidence that defendants did not receive adequate notice under Section 372. In fact, in this case defendants did receive notice that their conduct was illegal—they were repeatedly told to leave the Refuge and the surrounding area, but they refused to do so. Similarly, defendants have not shown that the government has failed to charge similarly situated defendants. Regardless, the fact that law enforcement officers exercise discretion relative to charging decisions does not render the statute vague. *See, e.g.*, *United States v. Ninety-Five Firearms*, 28 F.3d 940 (9th Cir. 1994) (noting that prosecutorial discretion does not equate to arbitrary enforcement for purposes of a vagueness challenge).

The facts the government will offer at trial make it clear that defendants conspired with one another to commit an armed takeover of a federal facility that prevented a number of federal employees from doing their jobs. This is conduct that is explicitly proscribed by the statute. Even so, the Ninth Circuit rejected a vagueness challenge to a far more opaque violation of Section 372. *See, e.g.*, *United States v. Fulbright*, 105 F.3d 443 (9th Cir. 1997) (rejecting defendant's vagueness challenge to Section 372 in case where he was convicted after mailing an "arrest warrant" to federal bankruptcy judge), *overruled on other grounds by United States v. Heredia*, 483 F.3d 913 (9th Cir. 2007); *see also United States v. Chung*, 622 F. Supp. 2d 971 (C.D. Cal. 2009) (court denied defendant's challenge to the Economic Espionage Act after he was convicted of violating its terms by disclosing trade secrets to the People's Republic of China). Defendants are unable to show that Section 372 is unconstitutionally vague as applied to their case.

## IV.    Conclusion

For the reasons stated above, defendants' Motion should be denied in its entirety both as to defendant O'Shaughnessy and as to all other defendants.

Dated this 11th day of May 2016.

                       Respectfully submitted,

                       BILLY J. WILLIAMS
                       United States Attorney

                       *s/ Ethan D. Knight*
                       ETHAN D. KNIGHT, OSB #992984
                       GEOFFREY A. BARROW
                       CRAIG J. GABRIEL, OSB #012571
                       Assistant United States Attorneys