BILLY J. WILLIAMS, OSB #901366
United States Attorney
District of Oregon
**ETHAN D. KNIGHT, OSB #992984**
**GEOFFREY A. BARROW**
**CRAIG J. GABRIEL, OSB #012571**
Assistant United States Attorneys
ethan.knight@usdoj.gov
geoffrey.barrow@usdoj.gov
craig.gabriel@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | |
|---|---|
| UNITED STATES OF AMERICA | 3:16-CR-00051-BR-10 |
| v. | GOVERNMENT'S SENTENCING MEMORANDUM |
| **DUANE LEO EHMER,** | Sentencing Date: November 16, 2017 |
| **Defendant.** | 1:30 p.m. |

The United States of America, by Billy J. Williams, United States Attorney for the District of Oregon, and through Ethan D. Knight, Geoffrey A. Barrow, and Craig J. Gabriel, Assistant United States Attorneys, submits this memorandum for defendant Duane Ehmer's sentencing, which is currently set for Thursday, November 16, 2017, at 1:30 p.m.

**I.       Summary of the Government's Position**

The government recommends that the Court impose a sentence of 24 months' imprisonment, followed by a three-year period of post-prison supervision and an assessment of $100 for the felony conviction.   The parties have entered into an agreement regarding restitution (ECF No. 2293) and the Court has circulated a draft order setting forth the terms of restitution imposed in connection with the conviction for this offense.

The government further recommends that the Court impose a sentence of 30 days' imprisonment and a $10 assessment for the misdemeanor offense of Trespass and a sentence of 30 days' imprisonment and a $10 assessment for the misdemeanor offense of Unlawful Use of Government Property, and that these sentences run concurrent to the sentence imposed for defendant's conviction for violating 18 U.S.C. § 1361.

**II.      Background**

      **A.      Procedural Background**

On March 10, 2017, defendant was convicted of violating 18 U.S.C. § 1361, Depredation of Government Property, for his role in digging a trench on Refuge property.   Defendant was separately acquitted of violating 18 U.S.C. § 372.   On March 21, 2017, defendant was found guilty by the Court of the misdemeanor offense of Trespass, in violation of 50 C.F.R. §§ 26.21(a) and 28.31, and the misdemeanor offense of Unlawful Entry and Use of Equipment That Is Property of the United States Government, in violation of 50 C.F.R. §§ 27.65 and 28.31.

/ / /

/ / /

/ / /

B.   **Factual Background**

The underlying facts of defendant's case were introduced during his trial and during the extensive pretrial litigation. These facts are accurately set forth in paragraphs 15–30 of the Presentence Report (hereafter "PSR").

In summary, defendant was a consistent presence at the Refuge during the occupation and he played a pivotal role in the excavation and destruction of Refuge property that resulted in his felony conviction. On January 7, 2016, defendant was photographed on his horse riding around the Refuge property with a pistol. On January 8, 2016, defendant clarified his role when he wrote on Facebook (next to an image of the blocked entrance to the Refuge), "I will guard everything in my post and quit my post only when properly relieved." In another Facebook post, he is photographed at what appears to be a checkpoint on the Refuge with a black assault rifle.

On January 27, 2016, defendant was captured on video digging one of the trenches on Refuge property ("Trench One") and getting out of an excavator that had been on the Refuge. The area defendant damaged is a sensitive cultural site that holds significant meaning to the Burns Paiute Tribe. In the late hours of January 27, 2016, defendant was taken into custody. After his arrest, defendant consented to the search of his truck and trailer. During the search, law enforcement found a .45 caliber rifle and ammunition.

Following the occupation, the United States Fish and Wildlife Service, in conjunction with the Burns Paiute Tribe, conducted a full assessment of the damages caused by defendant. The final assessment for the damages associated with the digging of Trenches One and Two is

///

$146,659.56. The final assessment for the damages associated with the digging of Trench One is $117,956.12. *See* Exhibit 1.

### III.    Advisory Sentencing Guidelines Calculation

#### A.    Calculation

The government recommends that the Court adopt the following guideline calculation. This calculation is set forth in part in paragraphs 37–47 of the PSR.

- <u>The Base Offense Level</u> is six under U.S.S.G. § 2B1.1(b).

- <u>Specific Offense Characteristic—U.S.S.G. § 2B1.1(b)(1)(D)</u>.  Because the damages sustained by defendant's conduct in connection with his conviction are between $40,000 and $95,000, the offense level is increased by six levels.  *See* Exhibit 1.

- <u>Specific Offense Characteristic—U.S.S.G. § 2B1.1(b)(15)</u> provides that:

    > If the offense involved (A) the conscious or reckless risk of death or serious bodily injury; or (B) possession of a dangerous weapon (including a firearm) in connection with the offense, increase by **2** levels.  If the resulting offense level is less than level **14**, increase to level **14**.

    For the reasons stated below, the provisions of U.S.S.G. § 2B1.1(b)(15) apply to defendant.  The offense level is therefore increased two levels, or in the alternative—without the application of U.S.S.G. § 2B1.1(b)(1)(D)—increased to offense level 14.

- <u>Upward Departure—Application Note 4 to U.S.S.G. § 3A1.4</u>.  Because the offense was calculated to influence or affect the conduct of government by intimidation or coercion, or to retaliate against government conduct, a 3-level upward departure applies under Application Note 4 to U.S.S.G. § 3A1.4.  The PSR does not apply this provision to its calculation of defendant's offense level, but recognizes its applicability.  *See* PSR, Sentencing Recommendation, at 1.

Defendant has a Total Offense Level of 17.  Defendant has no criminal convictions that result in an actionable criminal history score.  He is therefore in criminal history category one ("I").  In Criminal History Category I, Offense Level 17, the advisory guideline range is 24–30 months' imprisonment.

**Government's Sentencing Memorandum**                                                                 **Page 4**

### B. Analysis

#### i. U.S.S.G. § 2B1.1(b)(15)

The Court can properly find that defendant's offense level is at level 17 with or without applying the damage offense characteristic contained in U.S.S.G. § 2B1.1(b)(1)(D). Again, U.S.S.G. § 2B1.1(b)(15) provides that if defendant meets the criteria for its application, the offense level moves to 14 if it is otherwise lower than 14. There is ample evidence that corroborates the PSR's conclusion (*see* paragraph 39) that defendant's conduct both manifested the conscious or reckless risk of death or serious bodily injury and involved the possession of a dangerous weapon (including a firearm) in connection with the offense.

Defendant dug Trench One for tactical, defensive reasons arising out of his fear that an attack from the FBI was imminent. The trench was *designed* to create a risk of death or serious injury. Additionally (and alternately), defendant possessed a dangerous weapon—including a firearm—throughout his time at the Refuge in a manner that was connected to the conduct underlying the offense of conviction. Defendant's role as an armed guard was inseparable from his role as the excavator of a defensive trench: They both were designed to protect against what defendant believed to be a hostile federal government.

#### ii. Role Reduction

The government agrees with the PSR's conclusion that defendant is not entitled to a role reduction under U.S.S.G. § 2B1.1(b). PSR, ¶ 41. Under U.S.S.G. § 2B1.1(b), the central question about defendant's role relates to the crime of conviction, not his role in the conspiracy. To that end, there is no basis under U.S.S.G. § 2B1.1(b) to give defendant a role reduction based on his conduct in digging the trench.

### iii. Application Note 4—U.S.S.G. § 3A1.4

Defendant's conduct fits squarely within the Application Note 4 of U.S.S.G. § 3A1.4 which provides that an upward departure is warranted when the offense conduct "was calculated to influence or affect the conduct of government by intimidation or coercion[.]"  All co-defendants who have entered felony plea agreements have agreed that the terms of U.S.S.G. § 3A1.4 apply to them.  Defendant may argue that because he was convicted of a different offense than these defendants, he should not be subjected to the terms of U.S.S.G. § 3A1.4.  This distinction is irrelevant.  Under U.S.S.G. § 3A1.4, the Court must look to defendant's conduct, not the offense of conviction, when deciding whether to depart.  The entire purpose of the occupation and defendant's activity while he was on the Refuge—including his role as a guard, his digging of the trench, and his Facebook posts—was to influence or affect the conduct of the Federal Government through what could be benignly described as coercion or intimidation.  A three- level increase is a reasonable, appropriate adjustment.

## IV.  Conclusion

For the reasons stated above, the government recommends the Court impose a 24-month sentence for defendant's convictions.  This is an appropriate, reasonable sentence that adequately addresses his conduct in the underlying case.

Respectfully submitted this 8th day of November 2017.

BILLY J. WILLIAMS
United States Attorney

*s/ Ethan D. Knight*
ETHAN D. KNIGHT, OSB #992984
GEOFFREY A. BARROW
CRAIG J. GABRIEL, OSB #012571
Assistant United States Attorneys